JONES, Justice.
Plaintiff has been denied a commission as a notary public because he is not a citizen of the United States. His status is that of a legal alien who has in all other respects complied with the statutory requirements pertaining to the office of notary public.
*432 The probate judge' based his refusal to issue a commission to Plaintiff upon an advisory opinion from the Attorney General of the State of Alabama. The advisory opinion construed the requirements-of Code 1975, § 36-2-1, concerning the qualifications of electors, as being prerequisite to the application of §§ 36-20-1 through 36-20-32, controlling commissions and duties of notaries public. Based upon this rationale, the circuit court affirmed the probate judge’s refusal to issue a commission.
It is clear, however, that this case is controlled by Bernal v. Fainter, 467 U.S. 216, 104 S.Ct. 2312, 81 L.Ed.2d 175 (1984). According to that case from the United States Supreme Court, under the equal protection clause of the Fourteenth Amendment to the United States Constitution, any statutory requirement for public office, to be valid, must further a compelling state interest and must do so by the least burdensome means reasonably practicable. Specifically, Bernal held that United States citizenship as a qualification to hold the office of notary public in the State of Texas did not meet that test:
“We recognize the critical need for a notary’s duties to be carried out correctly and with integrity. But a notary’s duties, important as they are, hardly implicate responsibilities that go to the heart of representative government. Rather, these duties are essentially clerical and ministerial. In contrast to state troopers, Foley v. Connelie [435 U.S. 291, 98 S.Ct. 1067, 55 L.Ed.2d 287 (1978)], notaries do not routinely exercise the State’s monopoly of legitimate coercive force. Nor do notaries routinely exercise the wide discretion typically enjoyed by public school teachers when they present materials that educate youth respecting the information and values necessary for the maintenance of a democratic political system. See Ambach v. Norwich, 441 U.S., [68] at 77, 99 S.Ct., [1589] at 1594 [60 L.Ed.2d 49 (1979)]. To be sure, considerable damage could result from the negligent or dishonest performance of a notary’s duties. But the same could be said for the duties performed by cashiers, building inspectors, the janitors who clean up the offices of public officials and numerous other categories of personnel upon whom we depend for careful, honest service. What distinguishes such personnel from those to which the political function exception is properly applied is that the latter are either invested with policy-making responsibility or broad discretion in the execution of public policy that requires the routine exercise of authority over individuals. Neither of these characteristics pertains to the functions performed by Texas notaries.” (Footnote omitted.) 467 U.S. at 226, 104 S.Ct. at 2319.
We are unable to find any material distinction between the office of notary public in Texas and its counterpart in Alabama that requires a different result. Therefore, because § 36-2-1, as here applied, is unconstitutional, the judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.